## National Council of Junior Order of United Mechanics of the United States of America v. Whitaker.

(Decided May 25, 1928.)

### Appeal from Rockcastle Circuit Court.

1. Insurance.—In suit on benefit certificate plaintiff would have burden of proving terms of contract, if petition averred that contract sued on was parol contract, where terms thereof were put in issue by answer.

2. Insurance.—In suit against fraternal benefit society to recover on benefit insurance contract, evidence showing society insured local councils and not individual members thereof, that local council of which insured was member had been suspended, and failing to show any contract between insured and society, did not authorize

recovery of insurance against defendant, and peremptory instruction for plaintiff suing as wife of insured was error.

J. N. ELLIOTT and C. C. WILLIAMS for appellant.

J. A. OWENS, B. J. BETHURUM and JOHN S. CARROLL for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and defendant below, National Council of the Junior Order of the United Mechanics of the United States of America, is a foreign fraternal benefit society with a benefit insurance feature which is designated in its constitution and by-laws as the "funeral benefit department." Its home office is in Pittsburg, Pa., and its benefit insurance feature is only one of the objects and purposes for which it was organized. There are subordinate lodges which are designated in the laws of the Supreme Order as "councils," and there was one of them at Goochland, Rockcastle county, Ky., known as Boone Trail Council 102, Three-Links. In October, 1923, after the laws of defendant had been amended at Burlington, Vt., in June prior thereto, Lonnie Whitaker applied to Boone Trail Council for membership therein and also to become a member of the funeral benefit department, as was alleged in the petition, and that he paid his entrance fee and his first month's dues and was duly installed as a member of that council. On February 11, 1924, he died, and Ettie Whitaker, the appellee and plaintiff below, filed this action in the Rockcastle circuit court against defendant seeking a recovery against it of a judgment for $550, and in her petition she averred that defendant had entered into a beneficial insurance contract with her husband, which was in writing, and in which it agreed to pay plaintiff upon his death, as the beneficiary in its contract with him, $500 benefit fund and $50 funeral fund. She further alleged that defendant had been notified of her husband's death, and it failed to pay any of the alleged sum due and for which she prayed judgment.

The answer denied every affirmative allegation of the petition except the name of the plaintiff and the name of her husband, and which, of course, included a denial of any contract of any character or kind between defendant and plaintiff's husband and likewise its obligation to pay her any sum on account of any obligation whatever.

In another paragraph it set out the laws of the order outlining the only plan under which it operated or became obligated under the funeral benefit department, and which was:

"Said department shall not make or enter into contracts with individual members of the order, but shall be limited to reinsure the contract made by the councils thereof to those members entitled to receive the same under the conditions as defined in the laws of the order. It is the policy of said order that the councils thereof shall have the sole and exclusive jurisdiction to contract with the members thereof regarding the payment of funeral benefits as provided in the laws of the National Council of the Junior Order of United American Mechanics."

Section 3 of the laws provides for the application of subordinate councils to defendant for admission into the funeral benefit department and to obtain the right of reimbursement from defendant for any benefits that the local council may be compelled to pay upon the death of one of its members who had taken the benefit of the insurance feature of the order. Section 5 makes it optional with the local council as to whether it will seek such reimbursement, and if the application therefor is accepted by the national order (defendant) then other portions of the laws require the local council so accepting to transmit to defendant, on or before the first of each month, all of the past monthly assessments of its insured members, and if the local council so reimbursed should fail to do so the reimbursement as to it shall ipso facto be suspended with the right to become reinstated within 30 days thereafter by complying with certain designated requirements and regulations. It was then alleged that Boone Trail Council, of which deceased was a member, failed to remit to defendant the last month's dues on January 31, 1924, which was the last day for such remittance, and it was notified by defendant of that fact and of the further fact that it stood suspended. It was not reinstated until February 18, pursuant to application therefor, but 7 days prior thereto, and on February 11, 1924, Whitaker died, which, of course, was during the period of suspension of the local council of which he was a member.

Another paragraph of the answer relied on another law of defendant stipulating and requiring that any ques-

tion pertaining to any business within the purview of defendant's organization when passed on by any of its officers should be appealed to a designated body through a prescribed procedure, and that when defendant's secretary declined to pay the demand herein when made (not by plaintiff, but by Boone Trail Council No. 102) it was the duty of any one adversely affected to resort to the appeal provided for by the laws of the order, but which was not done. Appropriate pleadings made the issues, and upon trial at the close of all the evidence the court sustained plaintiff's motion for a peremptory instruction for a verdict for the full amount claimed, which the jury returned, and, defendant's motion for a new trial having been overruled, it prosecutes this appeal from the judgment rendered on the verdict.

The case has been elaborately briefed by both sides but the arguments, as we conceive the record, are upon issues and questions that it does not present and for which the evidence introduced at the trial furnishes no ground. Some of those questions are: That the subordinate Boone Trail Council and its officers were the agents of defendant, notwithstanding its by-laws expressly provided to the contrary, and that the derelictions of the council and its officers in failing to remit the required dues of its members within the required time prescribed in the laws of defendant were and are chargeable to defendant, and not to the decedent, who had paid his dues to the local council; that the denial of liability of defendant's secretary upon the ground of suspension of the local council was a waiver of the remedy by appeal provided for in its laws, and some others not necessary to mention.

We have very carefully read this record twice, and we have been unable to find anywhere in it any sort of beneficial insurance or other contract made with either the subordinate council for and on behalf of itself, or any such contract made with defendant by any of its superior officers or by the subordinate council as its agent. Those facts were specifically put in issue by the pleadings, and the petition stated that:

"Plaintiff further states that a copy of the memorandum in writing signed by defendant society, which is sought to be charged herein evidencing the said contract, is filed herewith and made a part of this petition."

No such exhibit was filed, nor does it appear anywhere in the record brought to this court. It was neither alleged nor attempted to be proved that it was lost, and no one attempts to testify as to its contents. It might be said, however, that an insurance contract may be made by parol, and which for the purposes of this case may be conceded. But plaintiff's pleading contradicts the fact of a parol contract, because it expressly alleged that it was in writing and that a copy of it was filed therewith. Moreover, if it had been expressly averred that the contract sued on was a parol one, in view of the fact that its terms as well as its obligor was put in issue by the answer, the burden was upon plaintiff to offer some evidence to prove such facts.

Plaintiff in her testimony testified to nothing about there being a contract, much less its contents. She introduced some correspondence, none of which was written by or to herself, and which in the main consisted in letters from officers of defendant to others calling attention to the suspension, and the laws of the order relied on in defense herein. Murphy, the secretary of the local council, was introduced by her and told about her husband having been a member of the local council and his payment of his dues, as well as the failure of witness to remit the dues to defendant pursuant to its laws hereinbefore referred to. While on the stand he introduced a receipt given by the local council to decedent for one month's dues, and it only certified that he paid them "to Boone Trail Council No. 102 of Three-Links, Ky." Nothing was contained therein to show that he paid them to either defendant, or to the local council as, in any wise, its agent. Witness also testified that, after the time had expired for the remission of dues, the penalty for which was suspension, he forwarded to defendant the delayed amount and it promptly returned the check. He also testified that he had never been appointed or directed by defendant in the capacity or to act for it as agent, and he also said:

"If I understand it right, . . . the National Council (defendant) insures the local council as a whole, and not as individual members.

"Q. And where does the individual member get his beneficial right? A. Through the local council."

He was the last witness who testified for plaintiff, and up to the close of his testimony no proof had been introduced of the existence of any insurance contract, nor of the contents of one if such proof had been made.

Defendant read the depositions of Arthur M. Fording, who was first assistant general manager of its funeral benefit department and who had an office in Pittsburg, Pa., where he gave his deposition. He explained fully the laws of the order hereinbefore referred to, and positively disclaimed on behalf of defendant any contract with the deceased, and stated that the only contract that defendant ever entered into was one of reimbursement to and with the subordinate lodge of which decedent was a member. He then testified to the suspension of that lodge, and nowhere in his testimony did he supply the failure of plaintiff's proof in the respects mentioned. That witness also filed with his deposition the application of Boone Trail Council No. 102 for reimbursement of it for any benefits for which it was obligated to any of its members who applied for and became entitled thereto.

Under the condition of the record as so outlined it is impossible for us to comprehend the ground upon which the court gave the peremptory instruction complained of. Whether, under a different state of facts, the law as applicable to the various questions discussed by counsel for plaintiff would entitle his client to recover, we need not determine, since, first of all, he was required by the pleading to exhibit or prove some obligation on the part of defendant, either made by it or by some authorized agent for it, to pay the amount sued for upon the happening of the event establishing its liability. All questions not herein determined are reserved.

It necessarily follows from what has been said that the judgment is erroneous, and it is reversed, with directions to grant the new trial and on another one, if the evidence is substantially the same, to sustain defendant's motion for a verdict in its favor, and for other proceedings consistent with this opinion.